UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ACCORD INSURANCE NETWORK
OF AMERICA, INC.,
    Plaintiff,

v.                                Case No.: 3:07-cv-936-HES-MCR

JAMES NORMAN SAPP and
ACCORD INSURANCE NETWORK, INC.,
    Defendant.
_____/

## PRELIMINARY INJUNCTION ORDER

Before the Court is Plaintiff's Motion for Preliminary Injunctive Relief and Incorporated Memorandum of Law. (Doc. No. 3, filed October 9, 2007.) Defendant filed a Response in Opposition. (Doc. No. 12, filed October 22, 2007.) The Court held a hearing on October 23, 2007. After reviewing the pleadings, and having had the benefit of oral argument, the Court finds that Plaintiff, Accord Insurance Network of America, Inc. ("AINA") has demonstrated the requisite elements and, as such, an injunction is due to issue.

A court may enter a preliminary injunction pursuant to Fed. R. Civ. P. 65 in cases where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable harm will be suffered if the injunction fails to issue; (3) the threatened injury to the movant outweighs whatever damages the proposed injunction may cause to the opposing party; and (4) the injunction would not be adverse to the public interest if issued. Four Seasons Hotel and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). Issuing "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant

1

clearly establishe[s] the burden of persuasion" as to each of the four elements. Id. (citations omitted).

In the present case, the Court finds that AINA has demonstrated a substantial likelihood of success on the merits with respect to both their service mark infringement and tortious interference claims. In order to succeed on the merits of a trademark infringement action, a plaintiff must demonstrate that the defendant used the mark in commerce without its consent and "that the unauthorized use was likely to deceive, cause confusion, or result in mistake." Davidcoff & CIE, S.A. v. PLD Intern. Corp., 263 F.3d 1297 (11th Cir. 2001). Defendants, James Norman Sapp and Accord Insurance Network, Inc. ("AIN"), do not dispute that they used the mark in commerce, nor do they contest that such use will likely cause confusion in the marketplace.[1] Instead, Defendants merely argue that they retain some ownership interest in the mark. This contention seems somewhat dubious given the plain language of the contract in which Sapp assigned rights to the mark to AINA, and as such it appears to the Court's satisfaction that AINA has demonstrated ownership of the mark. And, moreover, there is a substantial likelihood that AINA will be able to establish that Defendants have infringed upon the mark.

Furthermore, it appears that AINA will likely succeed on its claims that Defendants have tortiously interfered with AINA's business relationships. In order to successfully litigate a claim for tortious interference, the moving party must show:

(1) the existence of a business relationship under which the plaintiff has legal

---

[1] Defendants do argue that Plaintiff has failed to demonstrate "actual confusion." However, that is not the standard applied here. Rather, the question is whether there is a *likelihood* of confusion.

2

> rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the tortious interference with that relationship.

Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533, 1541 (11th Cir. 1993). AINA has proffered sufficient evidence of the existence of business relationships wholly independent of the Defendants, and has further proffered evidence that Defendants have interfered with those relationships causing economic harm to AINA.

The Court also finds that AINA has demonstrated that it will suffer irreparable harm if the injunction does not issue. Irreparable harm to a trademark owner is inherent in any context involving the unauthorized use of the mark that serves to cause confusion or mistake in the marketplace. Recognizing this fact, the Eleventh Circuit has held that upon a showing of likelihood of confusion, irreparable harm may be presumed. Tally-Ho, Inc. v. Coast Community College Dist., 889 F.2d 1018, 1029 (11th Cir. 1989). Coupling this with Defendants' interference with AINA's business relationships, there is little question that AINA will suffer irreparable injury if an injunction is not imposed.

The Court also finds that the injuries suffered by AINA should the injunction not issue outweigh any harm suffered by Defendants if the injunction is imposed. This is so because AINA stands to completely lose control of its service mark, and forfeit any goodwill accompanying the mark if Defendants continue using the mark in the same channels of commercial trade. See Dunkin' Donuts Franchised Restaurants, LLC v. Cardillo Capital, Inc., 2007 WL 2209245 *6 (M.D. Fla. July 30, 2007). This could sap any economic viability of the enterprise. It does not seem that the Defendants stand to suffer a similar fate even if they are enjoined from infringing upon AINA's mark.

The Court also finds that issuing an injunction in this case "is not adverse to the public interest, because the public interest is served by preventing consumer confusion in the marketplace." Id.

Accordingly, it is

**ORDERED, DECREED AND ADJUDGED**

1. Defendants, their officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, are preliminarily enjoined and restrained from:

(a) using Plaintiff's service marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of services similar or identical to Plaintiff's insurance services, or in any manner likely to cause others to believe that Defendants' services are connected with Plaintiff; and

(b) passing off, inducing or enabling others to sell or pass off other services that are not Plaintiff's genuine services as and for Plaintiff's genuine services; and

(c) committing any other acts calculated to cause purchasers to believe that Defendants' services are Plaintiff's services unless they are such. These proscribed acts shall include, but are not limited to, the use of the name Accord Insurance Network, Inc., or any diminutive, contraction, or acronym derived therefrom, to identify

or describe similar and directly competing services sold or advertised in the same channels of trade.

2. Defendants, their officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, are preliminarily enjoined and restrained from interfering with Plaintiff's contractual and business relations.

3. Plaintiff shall post a bond with the Clerk of Court in the amount of $10,000.00.

**DONE AND ENTERED** at Jacksonville, Florida, this 24 day of October, 2007.

HARVEY E. SCHLESINGER
United States District Court

Copies to:
Daniel C. Johnson, Esq.
Robby Thomas Cook, Esq.